OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant Sandra M. Jarvinen (Jarvinen) moves to dismiss *527 the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8).
Plaintiffs, administrators of the estate of Diane J. Pikul, deceased, and the guardians of her children, commenced this action to recover damages allegedly sustained as a result of the death of Diane Pikul. Joseph Pikul, husband of Diane Pikul, was convicted of the murder of his wife and died during the pendency of his appeal of the conviction. Defendant Jarvinen is a former wife of Joseph Pikul.
It is alleged in the complaint that Jarvinen "had prior knowledge of Joseph Pikul’s intent to kill Diane and had a duty to disclose this information. However, she did not act to prevent Joseph Pikul from accomplishing his plan.” The complaint further refers to the carelessness and negligence of the individual defendant without offering specific details.
Defendant has raised lack of personal jurisdiction in her answer and the parties have addressed the motion as one for summary judgment on the affirmative defense of lack of personal jurisdiction.
Jarvinen was personally served with the summons and complaint in this action at her home in Massachusetts on November 14, 1989. Plaintiffs, through their attorney’s affirmation, base their jurisdictional argument upon the allegation that Jarvinen was told by Joseph Pikul of his intention to murder Diane Pikul while Jarvinen was visiting New York in October 1987. The plaintiffs’ attorney refers to certain testimony given by Jarvinen at the murder trial of Joseph Pikul where allegedly she stated that she was summoned to New York by Joseph Pikul to discuss his scheme. Plaintiffs further base their jurisdictional argument upon the fact that Jarvinen brought an action for alimony against Pikul in the Supreme Court of New York and was awarded a judgment thereon.
The burden of establishing jurisdiction is plaintiffs’. (Cato Show Print. Co. v Lee, 84 AD2d 947.) It is undisputed that Jarvinen is a resident and domiciliary of the State of Massachusetts. CPLR 302 (a) provides that
"a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent * * *
"2. commits a tortious act within the state”.
Plaintiffs argue that there is a presumption that Jarvinen learned of Pikul’s intent to murder his wife in New York State based upon her testimony at trial and a letter written by Jarvinen that she was in New York at Joseph Pikul’s *528 apartment prior to the killing of Diane Pikul. Plaintiffs contend that Jarvinen’s failure to prevent Joseph Pikul from killing his wife constitutes a tortious act committed within the State.
It is well settled in the State of New York that absent a special relationship between a party and a third person, "the State of New York does not impose a duty to control the conduct of [that] third person * * * to prevent [him] from causing injury to others”. (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1, 8; D’Amico v Christie, 71 NY2d 76.) Here, there was no special relationship between defendant and the deceased which would require the defendant to protect the deceased, even if the allegations prove true that defendant was aware of Joseph Pikul’s "scheme” to kill Diane Pikul. Moreover, there was no special relationship between defendant Jarvinen and Joseph Pikul so that said defendant would have had a duty to attempt to control Joseph Pikul’s conduct. The relationship between parent and child or between a common carrier and its passenger are examples of traditional master-servant relationships which might impose a duty to act. (Purdy v Public Adm’r of County of Westchester, supra.) An ex-wife has no legal duty to restrain her former spouse from committing illegal acts.
Based upon the foregoing, even viewing plaintiffs’ allegations in a most favorable light, plaintiffs have failed to establish that defendant Jarvinen committed a "tortious act within the state”.
Further, there is no showing of the commission by defendant of any tortious act outside New York causing injury within the State within the purview of CPLR 302 (a) (3) (i) and (ii), and no allegations that plaintiff "owns, uses or possesses any real property situated within the state” pursuant to CPLR 302 (a) (4).
In her affirmation in opposition to the instant motion, plaintiffs’ counsel conjectures that Jarvinen may have been a coconspirator in the planned murder of Diane Pikul. However, beyond this conclusory allegation, plaintiffs have failed to provide any factual foundation to support a theory of conspiracy. Based upon the foregoing, it is clear that plaintiffs have *529 failed to obtain personal jurisdiction over the defendant under the "long-arm” statute.
Accordingly, defendant, Sandra M. Jarvinen’s motion to dismiss the complaint for lack of personal jurisdiction is granted.